UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SALEM MAULUD ABOULGAED, ET AL.**<br><br>Plaintiffs<br><br>v.<br><br>**KHALIFA ABULGASIM HIFTER, ET AL.**<br><br>Defendants. | Civil Action No. 1:20-cv-298 |

## REQUEST FOR SERVICE BY PUBLICATION: SUPPLEMENTAL FILING

1. Undersigned counsel conferred with liaison counsel who is Libyan. Based on his explanation, the proposed method of service by publication would maximize likelihood of Defendants being informed of the suit.

2. Regarding the Court's first concern about attempts at serving these defendants, the Plaintiffs followed process of service procedures by sending a copy of the summons and complaint to each defendant via Certified Mail. However, the summonses and complaints were returned to sender.

3. The Plaintiffs live in the towns of Az-Zawiyah (40 km west of Tripoli) and Surman (72 km west of Tripoli). Both cities fall under the rule of the UN-backed government, which is under the attack of General Hifter's troops. Additionally, as the below map shows, most of Libya falls under the de facto rule of the defendants. The judicial system, or whatever standing of it in the area controlled by the defendants, will not accept service of

1

process on the defendants. It will be impossible to physically serve any of the defendants, regardless of the method of service.



4. To address the Court's second concern about why it would not be "reasonably possible or practicable to give more adequate warning," *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), via other methods of service for each Defendants, it comes down to the safety of the process server. If a process server attempted to serve each defendant personally, he or she would risk being murdered. The defendants, their military power, could easily murder the process server. If the process server's family lived in Tripoli or the surrounding region, the defendants could even threaten and kill their relatives in order to send a message.

5. For the Court's edification, undersigned counsel has experienced similar difficulties serving individuals in China and Israel and has sought advice from FedEx and DHL

International, but their efforts were to no avail. Additionally, the UN and the International Criminal Court have been unsuccessful re personal service on Libyan warlord, Al-Werfalli, a defendant in this case.

6. Service by publication in two newspapers, Al Subih and February, as well as service by broadcasting on three television stations, Al Ahrar, Panorama, and Al Tansuh is the best method to give warning to each defendant because the selected newspapers and television stations are the most prominent news sources available across all of Libya. The newspapers and television channels are read and watched by the general population, including defendants and their supporters.

7. The spokesman for the Libyan National Army (led by Defendant Khalifa Hifter and supported by his co-defendants) bases his daily news briefings on whatever news was broadcasted on the television stations suggested by the Plaintiffs. Plaintiffs are confident that service by publication once a month for three consecutive months would maximize the likelihood of defendants receiving warning of the suit.

Respectfully submitted,

/s/ *Martin F. McMahon, Esq.*
D.C. Bar Number: 196642
1717 K St. NW, Suite 900
Washington, D.C. 20006
202-862-4343