**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SALEM MAULUD ABOULGAED, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KHALIFA ABULGASIM HIFTER, *et al.*, <br><br> Defendants. | Civil Action No. 20-298 (CKK) |

**ORDER**
(April 28, 2020)

The Court has received Plaintiffs' [4] Request for Service by Publication ("Pls.' Mot.") as well as Plaintiffs' [5] Request for Service by Publication: Supplemental Filing ("Pls.' Suppl."). Plaintiffs request that this Court, by order, authorize publication by service as for four Defendants. Pl.'s Mot. at 1. In particular, they ask for the Court to authorize service by publication in two newspapers (Al Subih and February) and service by broadcasting on three television stations (Al Ahrar, Panorama, and Al Tansuh) once a month for three consecutive months. *Id.*

Plaintiffs submitted their Supplemental Filing upon prompting by this Court to provide additional information addressing "(1) what attempts at serving these Defendants, if any, have been made so far; (2) why it would not be 'reasonably possible or practicable to give more adequate warning,' *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), via other methods of service for each Defendant; and (3) how service by publication in the method suggested by Plaintiffs would be reasonably calculated to give warning of the suit to each Defendant." Apr. 7, 2020 Min. Order. Upon consideration of Plaintiffs' Motion, their Supplemental Briefing, and the record, the Court **GRANTS** Plaintiffs' Motion.

1

Federal Rule of Civil Procedure 4(f)(3) provides: "Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in a place not within any judicial district of the United States . . . by . . . means not prohibited by international agreement as may be directed by the court." That includes, in certain circumstances, service by publication. *See Mwani v. bin Laden*, 417 F.3d 1, 8 (D.C. Cir. 2005).

Here, Plaintiffs seek to serve four Defendants by publication: Defendants Khalifa Abulgasim Hifter, Aref Ali Nayed, Saqr Adam Geroushi, and Mohamoud Al-Werfalli. Pls.' Mot. at 1. Plaintiffs "followed process of service procedures by sending a copy of the summons and complaint to each defendant via Certified Mail," but "the summonses and complaints were returned to sender." Pls.' Suppl. at 1. Defendants' present location is not amenable to service, then, and attempts to serve them through normal means have failed. *See Mwani*, 417 F.3d 1 (explaining that district court authorized service on defendant when his address was not known or easily ascertainable). Plaintiffs state that the judicial system in much of Libya will not accept service of process on these Defendants. Pls.' Suppl. at 1–2. Moreover, due to the current fighting in Libya, in which they claim the Defendants are involved, the personal safety of any process server cannot be assured. *Id.* at 2. Plaintiffs also provide that the United Nations and International Criminal Court have been unsuccessful in personally serving Defendant Al-Werfalli in another case. *Id.* at 3.

Based on these representations, the Court finds that "it is not reasonably possible or practicable to give more adequate warning" through another type of service in this case. *Mullane*, 339 U.S. at 317. Service by publication is therefore appropriate. The proposed newspapers and television stations are also appropriate, as Plaintiffs explain that these are "read and watched by the general population," including Defendants and those who support them. Pls.' Suppl. at 3.

Moreover, the spokesperson for the Libyan National Army, which Plaintiffs claim is led by Defendant Hifter, appears to base his daily news briefings on news available in the publications that Plaintiffs have proposed.  *Id.*  This method, in addition to publishing for three consecutive months, is designed to ensure that due process be afforded to these Defendants.  The Court thus **GRANTS** Plaintiffs' Motion.

Accordingly, it is, this 28th day of April 2020,

**ORDERED** that Plaintiffs are authorized to publish notice of suit in the newspapers and television outlets identified in their Motion and listed above.  Plaintiffs are

**FURTHER ORDERED** to provide the Court with copies of all material so published.

**SO ORDERED.**

Date: April 28, 2020                                         /s/                                                            

COLLEEN KOLLAR-KOTELLY
United States District Judge