## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEM MAULUD ABOULGAED, *et al.*,<br>    Plaintiffs,<br>     v.<br>KHALIFA ABULGASIM HIFTER, *et al.*,<br>    Defendants. | Civil Action No. 20-298 (CKK) |

## ORDER
(May 28, 2021)

Now pending before the Court is Plaintiffs' [28] Motion for a Court Determination That Certain Defendants Have Been Served By Publication ("Plaintiffs' Motion"). Therein, Plaintiffs specifically request an order certifying that Defendants Khalifa Abulgasim Hifter, Adam Geroushi, and Mohamoud Al-Werfalli have been adequately served by publication under Federal Rule of Civil Procedure 4(f)(3). *See* Pls.' Mot., ECF No. 28, ¶ 4. For the reasons set forth herein and upon consideration of the record as a whole, the Court will **DENY WITHOUT PREJUDICE** Plaintiffs' Motion.

****

Federal Rule of Civil Procedure 4(f)(3) provides: "Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed . . . may be effected in a place not within any judicial district of the United States . . . by . . . means not prohibited by international agreement as may be directed by the court." That includes, in certain circumstances, service by publication. *See Mwani v. bin Laden*, 417 F.3d 1, 8 (D.C. Cir. 2005). On April 28, 2020, this Court authorized Plaintiffs, under Rule 4(f)(3), to effectuate service of process upon Defendants Hifter, Geroushi, and Al-Werfalli, by publishing notice of this action through two Libyan newspapers, *Al-Subih* and *February*, as well as three Libyan television stations, *Al Ahrar*, *Panorama*, and *Al Tansuh*. *See* Order, ECF No. 6, at 1–3; Pls.' Suppl. Br., ECF No. 5, ¶ 6.

1

On December 16, 2020, Plaintiffs' counsel submitted an affidavit "to confirm the publication of the summonses and complaint using various Libyan media outlets and [to] summarize the process through which they were published." McMahon Aff., ECF No. 26, ¶ 2. Therein, Plaintiffs' counsel states that Plaintiffs were unable to publish notice of this action in either of the originally proposed Libyan newspapers, *Al-Subih* and *February*, because of obstacles posed by the ongoing military conflict in Libya. *See id.* ¶ 4. Plaintiffs were also unable to publish notice of this action in *Panorama*, one of the three television stations originally proposed as a medium for effective service by publication. *See id.* ¶ 5. Plaintiffs were able, however, to publish the summons and complaint for this action six times through the Libyan television station *Al Ahrar*, and once through the Libyan television station *Al Tansuh*. *See id.* Specifically, *Al Ahrar* published notice of this action: (1) on May 9, 2020 by Twitter, (2) on May 9, 2020 through the channel's website, (3) on May 10, 2020 through the channel's website, (4) on June 18, 2020 through a public television announcement, (5) on June 18, 2020 via Facebook, and (6) on July 24, 2020 via Facebook. *See* Summ. Of Media Publications, ECF No. 26-1, at 1. *Al Tansuh* published notice of this action once through a public television announcement on June 15, 2020. *See id.* at 6.

Furthermore, Plaintiffs' affidavit in support of service states that "five additional media outlets" published the summons and complaint for this action "because they found the information newsworthy." McMahon Aff., ECF No. 26, ¶ 6. Plaintiffs did not coordinate publication with these outlets, nor did Plaintiffs previously identify these outlets with the Court. *See id.* These five media outlets are: *Ean Libya*, *LRC TV*, *Burkan LY*, *Almanara Media*, and *Al-Bayda Media Center*. *See id.* *Ean Libya* published notice of this action once, on May 10, 2020 through its website. *See* Summ. Of Media Publications, ECF No. 26-1, at 1. *LRC TV* published notice of this action once, on June 18, 2020 via Facebook. *Id.* *Burkan LY* published notice of this action once on June 19, 2020 via Facebook. *Id. Almanara Media* published notice of this action four times via Facebook: on June 21, 2020, July 29, 2020, and twice on July 30, 2020. *Id.* Finally, *Al-Bayda Media Center* published notice of this

action once on July 30, 2020 via Facebook.  *Id.*  Based upon the foregoing, Plaintiff's Motion now asserts that "Defendants Khalifa Abulgasim Hifter, Adam Geroushi, and Mohamoud Al-Werfalli have been served by publication."  Pls.' Mot., ECF No. 28, ¶ 4.

The Court is not yet persuaded that Plaintiffs' publication efforts have provided adequate notice to Defendants Hifter, Geroushi, and Al-Werfalli.  Effective notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  Service by publication, at issue here, may provide effective notice "where it is not reasonably possible or practicable to give more adequate warning."  *Id.*  Given the present record, however, the Court has identified multiple ambiguities that prevent it from concluding that Plaintiffs' service by publication provided Defendants with reasonably calculated notice of this action.

*First*, the Court finds inconsistencies with Plaintiffs' originally proposed method of service by publication.  Plaintiffs' proposed method of service, which the Court authorized on April 28, 2020, was to involve publication through two Libyan newspapers and three Libyan television stations.  *See* Order, ECF No. 6, at 1–3; Pls.' Suppl. Br., ECF No. 5, ¶ 6.  Plaintiffs previously explained that the "selected newspapers and television stations are the most prominent news sources available across all of Libya," and that these "newspapers and television channels are read and watched by the general population, including [D]efendants and their supporters."  Pls.' Suppl. Br., ECF No. 5, ¶ 6.  The record now, however, indicates that Plaintiffs were unable to publish any notice of this action in *either* of their proposed newspapers, *Al Subih* and *February*, as well as one of their proposed television stations, *Panorama*.  *See* McMahon Aff., ECF No. 26, ¶¶ 4–5.  Moreover, of Plaintiffs' successful publications through the remaining two Libyan television stations, only two of those publications—the June 15, 2020 *Al Tunsah* publication and the June 18, 2020 *Al Ahrar* publication—included public announcements airing *on television*.  *See* Summ. Of Media Publications, ECF No. 26-1, at 1.  Finally, the efficacy of these publications through *Al Tunsah* and *Al Ahrar* is undermined by material in the

3

record indicating (1) that both stations have been banned in eastern Libya, the portion of Libya Plaintiffs contend falls under the control of Defendant Hifter, and (2) that *Al Tunsah* has been designated as a terrorist entity by Saudi Arabia, Bahrain, the United Arab Emirates, and Egypt. *See* Mem. in Supp. of Mot. to Quash Service, ECF No. 11-1, at 10–11.  Collectively, this material raises questions about the efficacy of Plaintiffs' originally proposed method of service by publication.

*Second*, the remaining publications of notice referenced by Plaintiffs each occurred through Twitter, Facebook, or through an online news website. *See* Summ. Of Media Publications, ECF No. 26-1, at 1–23.  As an initial matter, the Court's April 28, 2020 Order under Rule 4(f)(3) *did not* expressly authorize service via online websites or social media platforms.  *See* Order, ECF No. 6. Moreover, while publishing service on such internet mediums may provide effective notice in certain circumstances, the efficacy of this service turns on a fact-bound inquiry into the prominence of the platforms used and the defendant's activity-level on those sites.  *See, e.g.*, *Strange On Behalf of Strange v. Islamic Republic of Iran, Int. Section*, 964 F.3d 1190, 1194 (D.C. Cir. 2020) (discussing attempts to serve Hamid Karzai by Twitter).  The present record, however, contains little to no information addressing the Defendants' respective online presence or the viability of the selected internet mediums as a vessel for effective notice.  Without this material, the Court cannot conclude that service through social media or a news website is a "reasonably calculated" method by which to provide Defendants with notice of this action.

*Third*, and finally, the Court observes an ambiguity in the record regarding Plaintiffs' specific efforts to serve Defendant Khalifa Hifter.  In their complaint, Plaintiffs allege that Mr. Hifter "is a U.S. citizen residing in the state of Virginia," and that Mr. Hifter "owns Unit [213], at 5505 Seminary Road, Falls Church, Va. 22041."  Compl., ECF No. 1, ¶ 18.  Given that Mr. Hifter allegedly resides at a known address in Virginia, Plaintiffs must sufficiently explain why "it is not reasonably possible or practicable to give [him] more adequate warning" of this action than by publication in various Libyan media outlets. *Mullane*, 339 U.S. at 314; *cf. Mwani*, 417 F.3d at 8 (service by publication authorized

4

for Osama bin Laden where his "address [wa]s not known, nor [wa]s it easily ascertainable"). Plaintiffs have not yet done so on the present record.

For the reasons set forth above, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' [28] Motion for a Court Determination That Certain Defendants Have Been Served By Publication. It is hereby **ORDERED** that Plaintiffs may refile their motion, addressing the concerns raised in this Order, by or before **JULY 2, 2021**. It is **FURTHER ORDERED** that, if Plaintiffs seek to serve Defendants under Rule 4(f)(3) by some method of service not expressly authorized by this Court's [6] April 28, 2020 Order, Plaintiffs must first request authorization to do so from the Court, again by or before **JULY 2, 2021**. Finally, Plaintiffs shall also effectuate service of process against Defendant the United Arab Emirates, and file proof of such service, by or before **JULY 2, 2021**, in accordance with the procedures set forth in the Foreign Sovereign Immunities Act. *See* 28 U.S.C. § 1608(a).

**SO ORDERED.**

**Date**: May 28, 2021

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge